Nott, J.,
delivered the opinion of the court:
The claimant brings his action in his own name and to his own use, as assignee of a Treasury warrant drawn in favor of one William Bailly. The defendants move for an order commanding the claimant and his assignor each to appear and be examined as witnesses. The claimant concedes the right of the court to make such an order so far as he himself is concerned, but contends that he is not responsible for and cannot be required to produce the assignor of a claim who has no remaining or resulting interest in it so far as the record discloses.
The statute upon which this motion rests (Rev. Stat., § 1080) *576 in terms extends only to the claimant upon the record. The penalty which it imposes is not punishment for contempt, but simply that if he ‘ fails to appear or refuses to testify,” the court “ in its discretion” may order that the cause shall not be brought to trial. Therefore it is apparent that if the court has power to grant the order asked for, it has discretion to make the claimant responsible for the voluntary attendance of the assignor and his subsequent willingness to testify.
But the counsel for the defendants contends that the statute is to be read in connection with the preceding section, (§1079,) which prohibits claimants and persons through whom they acquire their u title, claim, or right,” and persons “ interested” therein, from becoming witnesses 11 in supporting the same,” and provides that u'no testimony given by such claimant or person shall be used except as provided in the next section.” The counsel also relies upon a previous section of the statutes, (§1072,) which requires a claimant to set forth in his petition “ what persons are owners” of the claim, or “interested therein,” and to allege that no assignment u of any part thereof or interest therein has been made except as stated in the petitionThese provisions, taken together, it is contended, authorize the Government to examine an assignor or person interested in the event precisely as it might examine a claimant, and in no other way.
The only penalty imposed by section 1080 seems conclusive that this construction could not have been within the intent of the legislature when they enacted and re-enacted these statutes. If all assignors were interested in the event, such a construction, it may be conceded, would make the penalty effective. But there are in contemplation of law, as in the reality of litigious affairs, unfriendly assignors, whose interest it may be to vex, harass, or defeat the claimant in interest. Could it have been intended that the right of the claimant to judicial redress, or the right of the Government to all needful testimony, should be dependent upon the will or caprice of such a witness ? Let it be supposed that an assignee in bankruptcy is claimant, can it at the same time be supposed that his suit for the exclusive benefit of the creditors is to be enjoined from proceeding to trial until they make terms with their delinquent debtor? Manifestly this would be imposing an obligation upon a party, and leaving him without a shadow of remedy to discharge it.
A different construction is given to these provisions of the *577 statutes by the court, and to render it clear it is necessary to advert to their history.
In 1863, Congress provided by the Amended Court of Claims Act (12 Stat. L., p. 765, § 8) that the Government might examine a claimant in this court before trial, and use or withhold his testimony at its option. In 1864, Congress for the first time legislated on the law of evidence, and enacted that “in courts of the United States there shall be "no exelusion of any witness” “in civil actions because lie is a party to or interested in the issue tried f (Act 2d July, 1864, 13 Stat. L., p. 351, § 3.) In 1866, this court held that the exclusive statutory right of the Government to examine a claimant and use or withhold his testimony at its option was a prerogative which a statute does'not take away except by special and particular words; and hence, that the general act did not extend to suits in this court wherein the Government is a party, (Jones & Brown's Case, 1 C. Cls. R., p. 383.) In 1867, Congress by express enactment extended the general act to this court, (Act 2d March, 1867, 14 Stat. L., p. 457, § 2.) In 1868, Congress undid what they had done in 1867, and passed the Act 25th June, ls68, (15 Stat. L., p. 75, § 4,) the fourth section of which is now section 1079 of the Revised Statutes.
But during the interval, while claimants were allowed to testify on their own behalf, a great number of such depositions were taken, and when the Act 25th June, 1868, was passed these depositions were on file awaiting the future trials of the parties’ cases. Therefore it was needful that Congress should declare two things by statute: 1st, that parties in the future should not be competent witnesses in their own behalf; 2d, that such testimony already taken should not be available to the parties. At the ensuing term of the court this question, as might have been anticipated, actually arose, the claimants contending in numerous cases that they might use testimony given before a commissioner while they were competent witnesses. The court, however, held that the last clause of the section, which declares that “ no testimony giren by such claimant or person shall be used,n was intended to include depositions already taken, (Hubbell's Case, 4 C. Cls. R., p. 37.)
When the revisers of the statutes came to these enactments the only changes of language that they made were in harmony with these facts and in furtherance of the construction that we now give, which is this;
*578 1st. The examination given by'section 1080 cannot be extended to any other person than the claimant. He alone is to be held responsible for his own non-attendance as a witness, and it is only for his refusal to testify that the court can enjoin the case from proceeding to trial.
2d. The Government may call as a witness, under section 1079, the assignor of the claim, or a person interested' in the .event of the suit, and the cost and responsibility of finding, producing, and compelling the attendance and testimony of such a witness rests exclusively upon tbe Government as defendants ; but, on the other hand, no testimony so taken is competent under the statute uin supporting” an “ alleged title, claim, or right against the United States ; ” and the defendants, after having so taken a deposition of such a person, may withhold the testimony, “as provided in the next section;” that is to say, as they might the testimony of a claimant.
The motion to examine the claimant is allowed, and the motion to examine the assignor, William Bailly, is denied.