Weldon, J.,
delivered the opinion of the court:
It is stated in the motion filed herein that at the time of the alleged contracts referred to in the petition the said Gaynor and Greene were owners, respectively, of one-half *249 each of tbe stock of said company. The evidence filed in support of the motion shows that the said parties owned all of the stock of said company except a few shares held by other parties transferred to them for the purpose of the organization of the company, and that said parties, to wit, Gaynor and Greene, are the beneficial owners of the stock of said company; that it is a corporation in law, but practically a copartnership organized for convenience; that said company has never declared a dividend in the ordinary sense of that word; that no dividend has been paid; that there is practically no persop to whom a dividend could be paid except the said Gaynor and Greene; that they always divide the profit between themselves when there is any profit. It is not pretended that any appreciable interest is in any person in the stock of said company except the parties whose testimony is sought to be taken under said section of the statute.
It is insisted upon the part of the'claimant that the relation of said parties to this proceeding is not such as to justify the court in allowing the motion; that in legal contemplation they are not the claimants, but that the claimant is the Atlantic Contracting Company.
To maintain that defense the brief of counsel for the plaintiffs cites the case of Macauley v. United States (11 C. Cls. R., 575), in which it was held in a suit against the United States by the assignee of a Treasury warrant that the assignor could not be examined under the provisions of said section. Counsel also cited the case of the Atchison, Topeka and Santa Fe R. R. v. The United States (15 C. Cls. R., 1), in which it is in substance held that the Revised-Statutes, section 1080, can not be extended to any other person than the claimant.'
The case of Macauley (supra) differs very essentially from this case; in that case -the assignor had no interest; he was not the beneficial plaintiff, and was not 'seeking the jurisdiction of the court to enforce an obligation against the defendants through the medium of a corporation, the substance and property of which he owned and which was to be affected by the decision and result of the proceeding.
In the Atchison R. R. Co v. The United States (supra) *250 it is said: “ Our rules contain no provisions as to the exercise of this discretion when the examination of a corporation is desired. The motion should proceed against the corporation claimant and such officer or officers or agents as the Attorney-General may suggest for examination to speak •for it, and it would seem to be just to afford to the claimant an opportunity to answer the suggestion, and to indicate reasons why this or that person should not be examined.” In that case the court indicated what officers of the corporation should be examined under the order of the court; and it will be seen that the order is confined to those persons having from their relations to the corporation that intimate knowledge of its affairs which would enable them to answer according to the facts the inquiries of the Government. Now, apply that decision to this case as shown by the facts as to the ownership and the conduct of the affairs of the claimant. It is stated by one of the parties that the corporation is practically a copartnership, and Gaynor and Greene, being the owners in law and in equity of all the stock of the company, are presumed to control its management, and are therefore presumed to know more about the business of the corporation than persons having but a nominal interest, having no appreciable right in the result of the enterprise undertaken by the corporation; therefore the said Gaynor and Greene are in legal effect the parties claimant, inasmuch as they are the sole parties in interest.
The statute by its provisions is not an onerous one so far as claimants are concerned. The only penalty imposed is that the jiroceedings be stayed until the claimant submits himself to an examination under the statute; and as the law now stands (not disqualifying any person on account of the interest) if the United States refuses to offer the result of the examination in evidence, it is within the power of the claimant whose examination has been excluded to testify fully upon the matters embraced within the proper scope of his examination.
It is insisted upon the part of the counsel for the claimant that the examination is unauthorized, because all the facts on which the actions are based, and the answer and the plea *251 of fraud are made are within the possession and knowledge of the defendant. It is sufficient ansAver to this objection that the United States are defending in this proceeding upon the alleged ground that the contract sued on Avas procured from the defendants by fraud, and that such Avork as was done and such material as was furnished thereunder Avas so done and furnished with the intent on the part of the claimant to deceive and defraud the defendants, and that the defendants Avere in fact defrauded through said contract by the claimant. Without now determining the question as to whether the fraud is charged in apt words, as required by the rules of pleading, it is sufficient for the purpose of this motion that the court is acUised that a plea of fraud, in substance, is interposed on the part of the defendants, and, although it may be alleged by the claimant that the defendants are in possession of all the facts of the case, it is not-a sufficient answer to the proposed inquiry which the defendants intend to make of the parties in interest touching the subject-matter of the defense.
The defendants may not be fully possessed of all the facts, and it would be strange if they were in a proceeding of this kind, where it is alleged that such' frauds have been committed as is shown by the defense of the United States. Another point of defense as made the brief of counsel for the claimant is, in substance, that the defendants by their action in electing to rescind the contracts entered into for the alleged failure of the claimant to prosecute the work thereby waived any right Avhich they might have had by reason of the alleged fraud. The rescission of the contract for the alleged failure of the claimant does not estop the Government from defending itself against the payment of money now sought to be recovered by the claimant upon the basis of the contracts entered into betAveen the parties.
It is suggested as the fourth point in the claimant’s brief that if the examination should be allowed under the motion of the defendants a commissioner be appointed by the court to take the testimony of the witnesses at the place of their residence. In reply to this it may be said that it is not an unreasonable exercise of the discretion and power of the *252 court to require parties who seek the jurisdiction of the court to come within its jurisdiction to comply with whatever orders may be entered from time to time, in the prosecution of litigation incident to the pendency of suits for compensation and damages on contracts of the kind and magnitude of those involved in these- suits, in which nearly a million dollars are claimed. It is the order of the court that the motion be allowed, and that the prosecution of this case be stayed until the compliance of the said parties with such orders as the court may hereafter enter with reference to the time and place of the examination of said parties.