Booth, Judge,
delivered the opinion of the court.
The defendants, on October 7, 1918, filed a motion in this case to clarify the record. The motion is predicated upon the appearance in the record of an immense volume of testimony and printed reports offered in evidence in a criminal proceeding before John G. Shields, United States commissioner, in the case of United States v. Benjamin D. Greene et al. The effective relief sought to be obtained by this anomalous proceeding is to have all this evidence stricken *51 from the record, or that the plaintiff be required by rule to indicate what portions of the same it intends to use.
The case itself presents such a flagrant exhibition of procrastination, as well as a studious attempt to accomplish indirectly what could have been easily accomplished by the observance of the rules of court and laws of evidence, that we are constrained to review the situation in detail in disposing of the matter.
In this case, No. 21693, the petition was filed January 31, 1900, almost twenty years past. The damages claimed aggregate more than $709,797.02. On the samé date the same plaintiff filed another petition, No. 21694, claiming judgment for a sum in excess of $249,342.67. We have, therefore, the commencement of litigation involving the sum of more than one million dollars, a fact which of itself would suggest expedition and care in the preparation of the record. Both suits were for the recovery of damages alleged to be due by reason of the defendants’ breach of contract. The controversy grew out of contracts for the improvement of the harbor at Savannah, Georgia.
Not a single proceeding of the slightest consequence was attempted in the case for almost three years. A report from the Treasury Department was filed March 15, 1900, and whatever may have been its contents, it was wholly dormant in exciting the activities of either the plaintiff or defendants.
On November 3, 1903, a motion for a call on the War Department was filed and one week later was allowed by the court. On December 2, 1903, a motion was filed for leave to file a report of the War Department filed in case No. 212S5 in this case. The following day this motion was allowed by the court.
Following the above procedure several additional calls for information from the departments were filed, allowed, and issued, no one of which was of such magnitude or importance as to unduly delay the preparation of the case.
On March 29,1904, the defendants filed a plea of fraud, and on the same date and in conjunction with the filing of said plea, filed a motion for an order directing John F. Gaynor *52 and Benjamin D. Greene, the alleged real parties in interest, to appear before a commissioner of this court for examination. The parties joined issue on the motion, extensive briefs were filed, and on February 27, 1905, the same was argued orally before the court. On March 20,1905, the motion was allowed in a written opinion by Judge Weldon, 40 C. Cls., 244. The final order of the court with respect to said motion is as follows: “ It is the order of the court that the motion be allowed, and that the prosecution of this case be stayed until the compliance of the said parties with such orders as the court may hereafter enter with reference to the time and place of the examination of said parties.” The order was issued in pursuance of the terms of section 1080, B. S., now section 166 of the Judicial Code, as follows:
“ The court may, at the instance of the attorney or solicitor appearing in behalf of the United States, make an order in any case pending therein, directing any claimant in such case to appear, upon reasonable notice, before any commissioner of the court and be examined on oath touching any or all matters pertaining to said claim. Such examination shall be reduced to writing by the said commissioner, and be returned to and filed in the court, and may, at the discretion of the attorney or solicitor of the United States appearing in the case, be read and used as evidence on the trial thereof. And if any claimant, after such order is made and due and reasonable notice thereof is given to him, fails to appear or refuses to testify or answer fully as to all matters within his knowledge material to the issue, the court may, in its discretion, order that the said cause shall not be brought forward for trial until he shall have fully complied with the order of the court in the premises.”
No effort was made or willingness shown by the plaintiffs to comply with the order of March 20, 1905. The defendants allowed the case to repose in statu quo until November 14,1907, when a written waiver of rights acquired under the order of March 20, 1905, was filed and submitted to the court by the Assistant Attorney General. No written reason was assigned for this procedure, and we are left to conjecture from its allowance by the court on December 2, 1907, that something may have been said in open court to induce the action of the court in the premises. At any rate, *53 the order of the court invalidates its previous order and the prosecution of the case is allowed to proceed.
On November 21,1907, a written stipulation signed by the plaintiff’s and defendants’ attorneys is filed. Under the terms of the stipulation the defendants accede to the introduction as part of the testimony in the record in this case of certain portions of the entire record in the case of United States v. Benjamin D. Greene and John F. Gaynor, tried in the United States District Court for the Eastern Division of the Southern District of Georgia, and then pending on writ of error in the Circuit Court of Appeals for the Fifth Circuit, a criminal case, the record therein embracing volumes of testimony and exhibits, no part of which had been abstracted so as to appear relevant or competent in the instant case. Not only was it stipulated that the plaintiff might avail itself of said record, but it was to inure to the benefit of the defendants as well. On May 26, 1908, in pursuance of the above stipulation, nine printed volumes of the transcript of record mentioned therein were filed in the clerk’s office, and notwithstanding the lapse of more than 11 years it remained in apparently hopeless confusion, subject to repeated motions respecting it. Neither side has voluntarily sought to abstract it or bring it before the court in any other way than by dilatory motions. We say “ neither side ” advisedly, for the stipulation shows upon its face that the defendants contemplated the use of said record to the same extent the plaintiff expected to advantage by it.
On November 5, 1910, a written stipulation affecting certain omissions in the above record as to exhibits was agreed to by the parties and the evidence filed in this court.
Almost four years later, on July 14, 1914, the defendants moved to place the case on the calendar under rule 92 for dismissal. The motion was allowed by the court and the case placed upon the calendar, but before action by the court thereon the motion was withdrawn by the defendants.
On August 23, 1915, the parties again stipulated in writing for the introduction into the record of certain extracts from the Engineer’s Reports, and followed this, almost a year later, with the final written stipulation bringing into *54 the record another huge volume of testimony taken before U. S. Commissioner Shields in the preliminary proceedings in the criminal case of the United States v. Greene and Gaynor. It is of the testimony thus repeatedly stipulated into the present record of which the defendants now complain.
It is quite difficult to understand just why such a wide departure from the ordinary court procedure should have been indulged in in this seemingly important case. A single-deposition going to the merits of the case was filed by the plaintiff October 25,1919. It is, so far as the present record discloses, the lone attempt to support the allegations of the petition by oral testimony taken in the usual and customary way. At least 40 different entries appear upon the dockets in reference to the proceedings taken with respect to this one case. Just why it has been permitted to survive for this long-period of years can be attributed only to the various written stipulations of an immense volume of printed testimony taken in other proceedings, so confusing, so bulky, and so interlaced with the criminal proceedings taken against the plaintiffs that the attorneys herein approach the task of its segregation into relevant and irrelevant portions with dread and procrastination.
To allow the present motion to strike all this testimony from the record would be in effect to repudiate the various written stipulations solemnly entered into by the defendants. It was the defendants who consented to the erection of what is now complained of as an impossible record. Five distinct stipulations, including the written waiver of November 14, 1907, brought into being the present record and waived the prime necessity of proceeding by the oral examination of witnesses before a commissioner of the court. Whether this may have been done by the defendants to save expense and facilitate the disposition of the case does not appear. In any event, it has signally failed to accomplish either purpose. The stipulations are on file; they speak for themselves. Western Commercial Co. v. United States, No. 27577, decided Dec. 3, 1906. The defendants having voluntarily *55 placed themselves in the position of which they now complain. the court can do no more than leave them undisturbed.
The second feature of the relief prayed for in the motion, belated as it is, must necessarily concern us more. It was the obvious duty of the plaintiff and defendants to simplify this record; it should have been done years ago. If the matter had been called to the attention of the court it would have so ordered. A cursory examination of the innumerable papers filed in the case was alone sufficient to put each party upon notice that the record as stipulated was encumbered with a vast amount of irrelevant and incompetent testimony, tending only to delay and confusion. We think the necessity for so doing is now imperative, and an order will issue, in which the plaintiff’s counsel will be given until the 20th day of January, 1920, to abstract and file all portions of said stipulated record upon which he relies. The defendants will likewise be required to abstract and file on or before the 1st day of March, 1920, such portions of said records as it expects to use in the trial of the cause. The entire record and briefs of both parties to be completed and filed as follows: The plaintiff’s brief and findings by the 15th day of April, 1920; the defendants’ brief by the 1st day of June, 1920; the case to be set down for trial and final disposition on the 10th day of June, 1920.
It is not to be understood from what has been said herein that the court at this time passes upon the relevancy or competency of the record in issue. -
It does not appear from the record that the attorney for the Government making the present motion was a party to the stipulations herein discussed.
The foregoing order will stand as the order of the court and no further motions respecting the subject matter herein disposed of will be entertained by the court or permitted to be filed by the clerk.
The defendants’ motion is allowed in part and overruled in part as indicated in the foregoing. It is so ordered.
Giíaham:, Judge, Hat, Judge, Downex, Judge, and Campbell, Chief Justice, concur.