This case is before the court on defendant’s motion for prompt review of the trial judge’s orders of April 13, 1978, and May 10, 1978, in which the trial judge refused to sever the extent of damages issue (hereafter quantum issue) from *661 the liability issue for purposes of the trial scheduled to commence June 20, 1978. Our review of this issue is pursuant to Rule 53(c)(2)(ii) for the trial judge did not certify the question for prompt review. After careful consideration of the defendant’s brief and the record in this case, but without oral argument, we deny defendant’s motion.
The genesis of the present dispute can be traced to the trial judge’s sua sponte issuance of a "Standard Pretrial Order on Liability” on September 21, 1977 — just one day after the joinder of issue. In that pretrial order and by a subsequent order requiring "Plaintiffs Strict Compliance,” the trial judge established a discovery timetable for the case of approximately 160 days, absent a showing for good cause that additional discovery time was necessary. Neither party objected to the issuance of the early sua sponte pretrial order. Compare Atlantic Research Corp. v. United States, post at 665. At the end of the time set forth in the pretrial order, the trial judge, by order dated March 6, 1978, set June 6, 1978, as the trial date. In the March 6, 1978, order the trial judge expressly stated that the parties should be ready to try all issues in the case (i.e., both the liability and quantum issues). It is at this point that defendant, claiming surprise and as a result insufficient time to prepare for trial of the quantum issue, moved the trial judge to sever the liability issue from the quantum issue. The trial judge denied the motion by order dated April 13, 1978. On April 24, 1978, defendant filed a motion for reconsideration by the trial judge of his April 13, 1978, order. Again, the trial judge, by order dated May 10, 1978, denied defendant’s motion for severance of the quantum issue from the liability issue. In the May 10, 1978, order, however, the trial judge did reschedule the trial of the case from June 6, 1978, to June 20, 1978. It is the trial judge’s refusal to sever the quantum issue from the liability issue that defendant requests us to review.
Our review of this case is under Rule 53(c)(2)(ii) for the trial judge did not certify the question for review. Under Rule 53(c)(2)(ii) the moving party must demonstrate that "further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or the parties.” Further—
*662 [t]he mere fact that deferring correction of the trial judge’s alleged error to the court’s review of the trial judge’s final decision may lead to a remand for a new trial, or for the taking of further evidence, or for reconsideration by the trial judge, or may cause delay in the ultimate disposition of the case, will not be deemed, by itself, to satisfy the standards of this subdivision (ii).
When defendant’s motion for prompt review is measured against the above rule, we find it lacking. Severance of the liability issue from the quantum issue for purposes of trial is the exception and not the rule. See Rule 131(c). The issues will be severed only "upon the stipulation of the parties, subject to the approval by the [trial judge], or upon order of the [trial judge].” Rule 131(c)(1). The parties in this case have never stipulated to the severance of the issues in this case. Nor has the trial judge ordered severance of the issues. The September 21, 1977, pretrial order, although entitled "Standard Pretrial Order on Liability,” was completely silent on the question of severance; thus, giving the parties no reason to believe the issues in the case had been severed. To read the pretrial order otherwise would be to allow the title to control the substantive provisions of the order. The plaintiff in the case admits that, although at times it had reservations about the wisdom of trying the entire case at once, it has always operated under the premise that all issues would be tried at one time. Despite this, defendant now contends that it had no idea that the quantum issue was to be tried with the liability issue until the trial judge’s March 6, 1978, order.
We cannot agree with the defendant that it had no reason to believe the entire case would be tried at once prior to the issuance of the order of March 6, 1978. As outlined above, there is nothing in the record that would indicate that the whole case would not be tried at one time. The parties did not stipulate to a severance, nor did the trial judge order a severance of the liability issue from the quantum issue. The first indication that any party desired a severance of the issues in the case came when defendant filed its April 6, 1978, motion requesting modification of the March 6, 1978, order. The trial judge, acting within his discretion, denied that motion and the subsequent motion requesting reconsideration. Absent a showing by the moving party, defendant, that the trial judge abused his discretion in refusing to sever the issues for trial and, as a *663 result, that an irreparable injury or a manifest waste of resources will occur, the trial judge should be affirmed. Defendant has stated no specific reason or way in which irreparable injury or a manifest waste of resources will occur. In defendant’s brief in support of the motion for prompt review, it merely makes the bald assertion that the trial judge’s March 6, 1978, order will cause irreparable injury and be a manifest waste of resources. We hold that the making of such a naked assertion, without more, does not justify the granting of a motion for prompt review under Rule 53(c)(2)(ii).
Accordingly, we deny defendant’s request for prompt review.