*702 This case is before the court on plaintiffs request for interlocutory review of procedural orders issued by the trial judge. After consideration of the submissions and without oral argument, we deny the request.
The plaintiff, Alfred Levine, is a patent attorney and holder of various patents. He filed his action seeking to recover compensation from the United States for the alleged unlawful use of a patent. Six corporations, including Centronics Data Computer Corporation (Centronics), have joined this litigation as third-party defendants under Court of Claims Rule 41. The litigation is in the discovery stages below.
These motions concern two protective orders granted Centronics and Exxon Enterprises, Inc. (EEI), a non-party. Centronics and EEI had applied for the protective orders because they felt unlimited disclosure of certain confidential matters would seriously handicap their future commercial efforts. The orders allow Centronics and EEI to designate as "Confidential Information” any materials Centronics and EEI deem to contain "proprietary or confidential trade secrets, or confidential research, development, or commercial information.” Once material is so designated, access to the materials is limited only to trial counsel, legal support staffs, and court reporters. The orders specifically denied Levine or lawyers associated with him personal access to the materials, providing:
* * * * *
4. * * * The term "trial counsel” as used in this Order shall mean and include, generally, each attorney representing a party in this action but does not include Plaintiff, Alfred B. Levine, or any person associated with him in practice * * *.
5. No person other than (a) trial counsel, (b) paraprofessionals and clerical personnel in their respective law offices who have a need for such disclosure and (c) court reporter[s] shall be permitted access to Confidential Information * * *.
The protective orders also both contained provisions requiring in camera review by the trial judge if a party disagreed with the designation of any material as Confidential Information. The record does not disclose whether Levine *703 has to date challenged the designation of any particular material.
After the protective orders were issued denying Levine personal access, Levine sought their modification, claiming personal access was necessary to Levine’s roles as "of counsel” or "co-counsel” to his attorney, Ronald Snider. The modification requests were denied by the trial judge. Thereafter, Levine dismissed Mr. Snider and sought to proceed pro se. Although the trial judge allowed Levine to proceed pro se, the trial judge denied Levine’s further motions requesting personal access based on Levine’s pro se status. This timely Rule 53(c)(2)(ii) request followed.
We begin by observing that a request for interlocutory review under Rule 53(cX2)(ii) must demonstrate
* * * extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties. * * *
As we have observed before, Rule 53(c) expresses a general policy against piecemeal determinations which disrupt litigation and may ultimately be unnecessary. E.g., Lemelson v. United States, 225 Ct.Cl. 753 (1980); Kornylak Corp. v. United States, 217 Ct.Cl. 660 (1978). Levine alleges he will be irreparably injured by further proceedings under these orders because the orders deny him access to certain material essential to prove his claims.
Rule 71(f) deals with protective orders which limit discovery and provides:
Protective Orders: (1) Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including (but not limited to) one or more of the following: * * * (vii) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way, * * *.
These orders, Levine says, cannot be in the interests of justice because a lack of personal access renders him unable to represent himself. Levine concludes that neither Cen-tronics nor EEI has shown an interest which counterbalances the right of self-representation.
*704 We do not agree. The submissions of Centronics and EEI make clear their concerns that Levine desires the confidential materials for purposes other than that of this litigation. Once Levine has personal access to such materials, they allege, Levine will be in a position to obtain critical "paper” patents which might jeopardize future product development or, alternatively, to use the information to manufacture competing products. Levine’s status as a patent attorney and holder of various patents, his alleged statements that he might become a competitor, and his persistent efforts to gain personal access to any claimed confidential materials, rather than contenting himself with access by another attorney representing Levine, convince us there is some substance to these fears. Hence, we conclude that Centronics and EEI have a legitimate interest in limiting personal access by Mr. Levine.
Court of Claims Rule 71(f) allows a trial judge to issue protective orders limiting discovery when justice requires. Of course, an order issued under Rule 71(f) or its parallel in the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(c), will necessarily limit the ability of a plaintiff to prepare his case to some degree. Under Fed. R. Civ. P. 26(c), a trial court must balance the seriousness of potential injury discovery poses against the need for information in the preparation of a plaintiffs case. Covey Oil Co. v. Continental Oil Co., 340 F. 2d 993, 999 (10th Cir. 1965); United States v. American Optical Co., 39 F.R.D. 580, 586 (N.D. Cal. 1966); United States v. Lever Brothers Co., 193 F. Supp. 254, 257 (S.D. N.Y. 1961), appeal dismissed, 371 U. S. 207, cert. denied, 371 U. S. 932 (1962). We think Court of Claims Rule 71(f) requires a similar balancing.
We find these protective orders to be in the interests of justice as Rule 71(f) requires. The orders, as issued, strike an acceptable balance between potential injury and preparation of the case. First, although the protective orders allow Centronics and EEI to designate materials as Confidential Information, that designation may be challenged by any party. Once the designation is challenged, the disputed materials are to be reviewed in camera by the trial judge, and if necessary, by this court, to assess the validity of the designation. This in camera review, we think, adequately *705 insures against abuse of the designation. Second, even as to those materials that are ultimately determined by the trial judge to be "Confidential Information,” the orders do not deny Levine use of the materials, but merely personal perusal by Levine or those associated in practice with him. The protective orders clearly allow Levine access to any Confidential Information through counsel not associated with Levine. Thus, if any designated materials are truly as critical to his cause as Levine claims, he may retain counsel to review any designated materials for him.
As we read this record, no in camera review has been conducted of the material which gave rise to the protective orders; and we give no decision on whether such materials are in fact Confidential Information within the meaning of the protective orders.
it is therefore ordered that plaintiffs request for review of the July 18,1980, protective orders is denied.