This case is before the court on plaintiffs’ "Motion for Stay Pending Petition for Writ of Certiorari.” After consideration of the parties’ submissions and without oral argument, we deny that motion.
Plaintiffs are United States citizens resident in Canada. Their suit seeks recovery of $12,990.47 in federal income taxes, penalties, and interest, as well as statutory interest under 26 U.S.C. (I.R.C.) §6611. We recount briefly the procedural status of this case. By order of September 29, 1981, this court denied plaintiffs’ motion for summary judgment and remanded the case for further proceedings in our trial division. On remand, the trial judge, by order of September 30, 1981, set a trial date and approved defendant’s request to depose plaintiffs within the United States. On October 6, 1981, plaintiffs motioned under Rule 71(f) and Rule 87 for alternative protective orders precluding deposition, requiring the deposition to occur in Canada, or permitting plaintiffs to enter the United States without being arrested. Each protective order was denied by the trial judge on October 9, 1981. On October 13, 1981, plaintiffs filed a Rule 151 rehearing request regarding our September 29,1981, order denying summary judgment. The October 13, 1981, rehearing request was denied by this court’s order of December 4, 1981. On October 16, 1981, plaintiffs filed the present motion to stay the September 30, *661 1981, trial and deposition order of the trial judge. Notwithstanding the rehearing request then before a panel of this court, the trial judge, by order of November 4, 1981, postponed trial indefinitely.
We turn first to the trial judge’s November 4, 1981, order postponing trial. Inasmuch as the case was then before a panel of the court under Rule 151, the reference to the trial judge was suspended. See Court of Claims Rule 14(b)(2). For this purpose, we deem the Rule 151 motion to be a dispositive motion. See Rule 52(a) and (c). See also Rule 56(b). Since the case was not then before the trial judge, his November 4, 1981, order must be set aside. The trial judge’s September 30, 1981, order of deposition and trial continues fully in force.[1] We turn now to the validity of that September 30, 1981, order and the related October 9, 1981, order which denied plaintiffs’ requests to limit discovery.
Neither party has briefed the applicability of Court of Claims Rule 86. That Rule provides:
RULE 86. DEPOSITIONS PENDING CERTIORARI
(a) When Allowed: In any case (1) which is pending in the Supreme Court of the United States, or (2) in which a petition for writ of certiorari has been filed but not acted upon, or (3) in which the time for filing such a petition has not expired, this court may allow the taking of depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in this court.
(b) Motion: A party who desires to perpetuate testimony under this rule may make a motion for leave to take the depositions, upon the same notice and service thereof as if the action were pending in this court. The motion shall comply with Rule 51 and shall show (1) the names and addresses of the persons to be examined; (2) the substance of the testimony which the moving party expects to elicit from each person; and (3) the reasons for perpetuating the testimony.
(c) Action on Motion: If the court finds that the perpetuation of the testimony sought under this rule is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken. Thereupon, the depositions may be taken and used in the same manner and under the same conditions as are prescribed *662 in these rules for depositions taken in actions pending in this court.
No petition for writ of certiorari to review this court’s September 29, 1981, order denying plaintiffs summary judgment has been filed. As the time for doing so has not yet expired, and assuming arguendo that Rule 86 posits the exclusive means to obtain depositions pending certiorari,[2] it might be argued that the stay should issue based on defendant’s noncompliance with the Rule. Rule 86(b) and Rule 86(c) disclose, however, that the Rule is directed at situations where an action is no longer pending in this court. As the September 29, 1981, order only denied plaintiffs’ motion for summary judgment, the case remains pending in the Court of Claims. Whatever else may be the reach of Rule 86, under the present facts the Rule does not limit depositions to those necessary "to perpetuate testimony.” Rule 86 does not require the stay to issue that plaintiffs seek.
Plaintiffs’ arguments are best read as a request for interlocutory review of the trial judge’s orders of September 30, 1981, and October 9, 1981. Under Rule 53(c)(2)(ii), interlocutory review is proper only where the underlying order will cause "irreparable injury or a manifest waste of the court’s resources.” As we have repeatedly held, the Rule imposes a strict standard not lightly satisfied. E.g., Lemelson v. United States, 225 Ct.Cl. 753 (1980, passim); Levine v. United States, 226 Ct.Cl. 701, 702-03 (1981). Plaintiffs have made no such showing as to the trial date September 30, 1981, order. However, to the extent the trial judge’s orders of September 30, 1981, and October 9, 1981, require the plaintiffs to choose between the sanctions attendant on noncompliance with the deposition order and possible arrest for criminal tax fraud upon appearance in the United States, the strict standard of Rule 53(c)(2)(ii) has been met.
Nevertheless, on interlocutory review, we conclude the orders requiring immediate deposition only within the United States are proper. Plaintiffs say the trial judge’s *663 deposition orders are improper because defendant has no real need for the testimony. We prefer, however, to leave the conduct of defendant’s case to defendant. Defendant says it wishes to depose plaintiffs and on this record, we can hardly say that desire is groundless. Plaintiffs also say that the trial judge violated plaintiffs’ constitutional rights against self-incrimination and that the trial judge otherwise abused his discretion when he required deposition within the United States. The privilege against self-incrimination, however, does not exempt a civil party from deposition. To the contrary, that party must appear and invoke the privilege in response to specific questions the party reasonably believes will incriminate him. See National Life Insurance Co. v. Hartford Accident & Indemnity Co., 615 F. 2d 595, 598-599 (3d Cir. 1980), and.cases cited thereat. It follows, we think, that the privilege has no bearing on where a deposition is held.
The facts in this case are similar to those in Atlantic Contracting Co. v. United States, 40 Ct. Cl. 244 (1905) In that case, as here, plaintiffs were under indictment in the United States and residing in Canada. When the Government moved to take their depositions within the United States, plaintiffs requested that if the depositions were to be allowed, the testimony should be taken only in Canada. We rejected that contention:
It is suggested as the fourth point in the claimant’s brief that if the examination should be allowed under the motion of the defendants a commissioner be appointed by the court to take the testimony of the witnesses at the place of their residence. In reply to this it may be said that it is not an unreasonable exercise of the discretion and power of the court to require parties who seek the jurisdiction of the court to come within its jurisdiction to comply with whatever orders may be entered from time to time, in the prosecution of [these] suits * * *. [Id. at 251-252.]
Although the amount involved in the Hansens’ refund suit is not as substantial as that in Atlantic Contracting, we conclude immediate depositions of these plaintiffs within the United States may be required.
*664 it is therefore ordered that plaintiffs’ "Motion for Stay Pending Petition for Writ of Certiorari,” which we have treated as a Rule 53(c)(2)(ii) request for interlocutory review, should be and is hereby denied.

 Of course, once the case is again properly before the trial judge, modification of the September 30,1981, order would be within his power.

 A point we need not, and expressly do not, reach.