**THK AMERICA, INC., Plaintiff,**

v.

**NIPPON SEIKO K.K. and NSK Corporation, Defendants.**

**No. 90 C 6049.**

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1991.

Robert Edward Wagner, James Joseph Jagoda, Alan L. Barry, Wallenstein, Wagner & Hattis, Ltd., Chicago, Ill., Shahan Islam, William F. Westerman, Anderson, Kill, Olick & Oshinsky, P.C., John E. Kidd, Walter G. Marple, Jr., John E. Daniel, Shea & Gould, New York City, James E. Armstrong, III, Armstrong, Nikaido, Marmelstein, Kubovcik & Murray, Washington, D.C., for THK America, Inc.

Thomas Campbell, Richard William Young, James William Teevans, Gardner, Carton & Douglas, Chicago, Ill., Charles E. Miller, Scott D. Stimpson, Pennie & Ed-

monds, New York City, for defendants Nippon Seiko K.K. and N.S.K. Corp.

## ORDER

ROSEMOND, United States Magistrate Judge.

This matter is before the Court on *Defendants' Motion For A Protective Order.* The motion is granted in part and denied in part.

Both sides agree that a protective order is needed. The only disagreement relates to the manner in which certain issues should be treated under the protective order. We discuss these issues *in seriatim.*

The underlying action is for patent infringement brought by THK America, Inc. ("THK") against NSK Corporation ("NSK") and its Japanese parent company, Nippon Seiko K.K. ("NSK Japan"). The two United States patents at issue relate to linear guides. These products are used primarily in the industrial arena to support and move extremely heavy loads. Allegedly, the patents are based on inventions by Mr. Hiroshi Teramachi. Mr. Teramachi assigned the patents to THK's Japanese parent company, THK Ltd. ("THK Japan"). THK Japan, in turn, granted an exclusive license to THK to make, use, and sell products which embody the patented inventions. The linear guides that THK sells in the United States are manufactured in Japan by its parent, THK Japan.

THK is a company with fewer than 40 employees. Its engineering staff consists of one engineer and several assistants. Purportedly, THK relies on THK Japan in significant respects for technical support and other business assistance. As a result, asserts THK, it does not have the technical and other resources in house that would permit it to litigate this case without the outside assistance of its parent—THK Japan. Finally, it must be noted that Mr. Teramachi is the president of both THK and THK Japan.

*The protective order provisions directed against THK Ltd. personnel.* Defendants seek to include in Paragraph 6 of the proposed protective order terms and conditions which essentially preclude present and past employees of THK Japan from viewing defendants' confidential documents. Under the defendants' proposals, their confidential documents could not be shown to Mr. Teramachi.

■ We agree with plaintiff that defendants' proposals would unduly "hamstring" the plaintiff's litigious efforts. The prime example being that defendants' proposals would preclude plaintiff from conferring with Mr. Teramachi—its own president and the purported inventor of the products at issue. Plaintiff correctly reasons that, as the chief executive officer of THK and the inventor of the patented products at issue, Mr. Termachi is the most knowledgeable person about the issues in this case. Clearly, he should be able to assist in the evaluation and prosecution of his company's suit on his patented inventions.

The protection sought by defendants is too broad, and would make the protective order "one-sided" in defendants' favor. Both sides should be permitted to look to the internal staff and other resources of their parent corporations for assistance in translating and interpreting Japanese documents, and for other assistance as well. Defendants have failed to carry their burden in demonstrating the reasonableness of prohibiting the disclosure of confidential materials to individuals previously or presently connected with THK Japan.

*Defendants' notice proposal.* Defendants seek to include in the proposed protective order a provision which would require a party to inform the other side as to whom it intends to disclose the other side's confidential materials. Plaintiff objects to the notice proposal on the ground that the provision is unnecessary, burdensome and intrusive.

■ We agree with defendants that the identity of persons to whom the confidential matters are disclosed is appropriate. In order to police and enforce the protective order effectively, both during the pendency of the action and after its termination, the party producing the confidential materials must know to whom the receiving party

intends to disclose them. The disclosing party must be given a fair opportunity to object to a particular proposed recipient before the receiving party makes the disclosure. Without knowing who the recipients are, a party has virtually no way of tracking down violations or asserting and seeking remedies under the protective order against the violators. Plaintiff's work product objections are summarily rejected. The notice requirement appears reasonable in all respects, and operates against both parties equally.

Accordingly, it is adjudged, decreed, and ordered as follows:

1. *Defendant's Motion For A Protective Order* is denied in part and granted in part.

2. To the extent that defendants' motion seeks to preclude disclosure of confidential materials to present and past employees of THK Japan, it is denied.

3. To the extent that defendants' motion seeks to limit the number of outside experts and consultants to four, it is denied.

4. To the extent that defendants' motion seeks to require a party to inform the other side as to whom a party intends to disclose confidential materials, it is granted.[1]

So Ordered.

---

1. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the parties are given 10 days following the entry of the Order to file exceptions thereto with The Honorable Nicholas J. Bua. Failure to file objections within the specified time period waives the right to appeal the magistrate's order. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986). *See also,*

*The Provident Bank v. Manor Steel Corporation,* 882 F.2d 258, 261 (7th Cir.1989) (when a matter has been referred to a magistrate judge, acting as a special master or § 636(b)(2) jurist, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the District Judge as objections to the magistrate judge's order).