Ivan G. RICE, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 97–246C.

United States Court of Federal Claims.

Dec. 17, 1997.

cising discretion and independent judgment of the level required for exemption.

Douglas H. Elliott, Houston, TX, for plaintiff.

Chun–I Chiang, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant.

James A. Oliff, Alexandria, VA, for non-party Rolls–Royce plc.

Elizabeth Miller Roesel, Washington, DC, for non-party AlliedSignal, Inc.

Linda T. Maramba, Arlington, VA, for non-party Northrop Grumman Corp.

Vikki Lynn Wulf, West Palm Beach, FL, for non-party Pratt & Whitney.

Matthew S. Simchak, Washington, DC, for non-party General Electric Co.

## ORDER

MEROW, Judge.

This matter comes before the court on plaintiff's RCFC 14(a)(1) ("Rule 14") motion to notice non-parties, and defendant's RCFC 26(c) ("Rule 26") motion for the entry of its proposed protective order. Plaintiff filed his complaint in this action on April 1, 1997, alleging that defendant has produced, or caused to be produced, power generating systems which infringe his patented invention described and claimed in U.S. Patent No. B1 4,896,499, entitled "Compression Intercooled Gas Turbine Combined Cycle." The government power generating systems at issue are produced under the U.S. Navy's Intercooled Recuperated Gas Turbine Engine ("ICR") program pursuant to a Navy contract between defendant and prime contractor Northrop Grumman, and its subcontractors Rolls–Royce plc. and AlliedSignal, Inc., among others. Prior to the award of the contract, other manufacturers, including General Electric Co. and Pratt & Whitney, submitted information to the government relating to the contract.

As discussed more fully below, plaintiff's Rule 14 motion is denied as untimely. Defendant's motion for the entry of a protective order is granted, and the request of plaintiff's counsel that plaintiff be granted the right to review all protected information in this case is denied. Plaintiff's counsel may, however, move the court to designate plaintiff an expert with respect to specific items of protected information where no outside expert can be retained by plaintiff's counsel.

### I. Rule 14 Notice to Non–Parties

On May 21, 1997, defendant made a motion pursuant to Rule 14 to notify non-parties Rolls–Royce and AlliedSignal of plaintiff's patent infringement claim. In that motion, defendant maintained that these non-parties could have an interest in participating in the above-captioned suit. In particular, Rolls–Royce has provided the gas generator and AlliedSignal has supplied the intercooler apparatus of the Navy's purportedly infringing ICR system. By separate motions made on

June 17 and June 25, 1997, defendant moved to withdraw its Rule 14 motion after Rolls–Royce and AlliedSignal notified defendant that it did not have an interest in the suit. On June 26, 1997, plaintiff filed an opposition to these motions, which the court treated as a motion for notice under Rule 14. See Order of June 27, 1997. Rolls–Royce and AlliedSignal have made a limited appearance in this action to oppose plaintiff's motion.

■ Pursuant to Rule 14(a)(1) the court *sua sponte*, or on the motion of a party, may notify non-parties of pending claims in which they may have an interest.[1] While the recipient of Rule 14 notice may not be forced to participate in the noticed litigation, *Uram v. United States*, 216 Ct.Cl. 418, 420, 1978 WL 8423 (1978), the Rule provides that a noticed non-party may be precluded from subsequently litigating issues raised in the noticed claim. RCFC 14(c) (the claim or interest of a party who receives notice pursuant to RCFC 14(a)(1) and does not appear "shall forever be barred").[2] The possibility that this provision of Rule 14 might preclude non-parties Rolls–Royce and AlliedSignal from raising the issues related to this patent infringement claim in district court has generated the exchange of Rule 14 motions here.

■ Where a Rule 14 motion is made by the plaintiff, subsection (a)(3) prescribes that such motion must be made at the time the complaint is filed. Plaintiff did not file a Rule 14 motion with his April 1, 1997 complaint. In such a case, the court may, however, allow a plaintiff to file a Rule 14 motion for "good cause shown."[3] In *Effingham County Bd. of Educ. v. United States*, 7 Cl.Ct. 34 (1984), the only reported decision evaluating subsection (a)(3), this court prescribed a test for good cause: "It envisions . . . that the movant will proffer substantial and plausible reasons for having failed to timely act in a given case . . . bare conclusions constituting bland and cumulative excuses, including ignorance of the law, will not cut muster." *Id.* at 39.

Plaintiff has not alleged good cause for not filing a Rule 14 motion at the time he filed his complaint. Furthermore, plaintiff recognized in his complaint that Rolls–Royce and others could have an interest in the suit.[4] It is plaintiff's burden to demonstrate cause for failure to file his Rule 14 motion at the time the complaint was filed. Plaintiff's failure to do so here requires that his untimely Rule 14 motion be denied.

## II. Motion for a Protective Order

■ On August 5, 1997, defendant filed a motion for the entry of a protective order pursuant to Rule 26(c)(7),[5] together with a

---

1. RCFC 14(a)(1) provides: "(a) When Third Parties May Be Brought In. (1) The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action to appear as a party and assert an interest, if any, therein."

2. Notwithstanding this provision, the Federal Circuit has held that issue preclusion may not be applied against a Rule 14 noticee. *Penda Corp. v. United States*, 44 F.3d 967, 972–73 (Fed.Cir. 1994) (third party defendant joined in patent infringement suit pursuant to RCFC 14 would not be precluded from litigating the issue of validity in district court). Although the Federal Circuit did not acknowledge that a difference of opinion on this issue has prevailed in this court, its decision apparently resolves that conflict. Compare *RSH Constructors, Inc. v. United States*, 20 Cl.Ct. 1 (1990), *with Rockwell Intern. Corp. v. United States*, 31 Fed.Cl. 536 (1994).

3. RCFC 14(a)(3) provides in relevant part: "A motion made by the plaintiff under subdivision (a)(1) hereof shall be filed at the time the com-

plaint is filed. . . . For good cause shown, the court may allow any such motion to be filed at a later time."

4. Plaintiff alleged:

"On information and belief, Defendant, the United States of America, generally and through the actions of the Department of Defense, and specifically through the actions of the Department of the Navy . . . is causing or has caused Rolls–Royce, Ltd. (or an affiliate), Westinghouse Electric Company, Northrop Grumman, Inc. and possibly others, working in conjunction, to manufacture and sell ICR Systems to the Defendant the United States of America."

Compl. ¶ 6.

5. Rule 26(c) provides in relevant part:

"Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment,

proposed protective order which prescribes a method by which the proprietary information involved in this case may be protected. Plaintiff and defendant agree that the entry of a such an order is appropriate in this case to protect such information from general public disclosure, but disagree over the language of the order in one material respect. In particular, while defendant's proposed order allows plaintiff's counsel and independent experts acceptable to both parties to review proprietary information involved in this case, it does not permit plaintiff Rice himself to review such information. Plaintiff asks this court to modify the proposed protective order to provide him with such a right. Defendant and non-party contractors oppose that request.[6]

■ When ruling on a Rule 26(c)(7) motion, a court must balance the need of one litigant to access proprietary information in order to present his case, and the potential that irreparable harm may be suffered by the disclosing party. *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir.1987). Where, as here, the proprietary information is technological, a higher degree of protection may be afforded to that information. *E.g., Safe Flight Instrument v. Sundstrand Data Control*, 682 F.Supp. 20, 22 (D.Del.1988). Protective orders in such cases generally take three different forms: (1) a narrow order protecting specifically identified information; (2) an umbrella order designating all discovery as protected, and (3) a blanket order prescribing a procedure by which both parties will designate certain information protected as discovery proceeds. *Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y.1995).

Defendant proposes a blanket order which, among other things would provide that: (1) a party or non-party to this litigation may designate information as protected; (2) any disagreement over such designations may be brought to and resolved by the court;[7] and (3) that information designated as protected may only be reviewed by "qualified persons." While the term "qualified persons" is defined in the proposed order to include plaintiff's attorneys, it does not include plaintiff Rice himself. Defendant's proposed order also provides for the designation of independent experts to review protected information. According to that section, each party is afforded notice and opportunity to object to the disclosure of protected information to an independent expert. That section also provides that either party may ask the court to enter a protective order with respect to the disclo-

oppression, or undue burden or expense, including one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way."

6. Defendant served the proposed protective order on counsel for plaintiff, AlliedSignal, Inc., CAE Electronics, Ltd., General Electric Co., Northrop Grumman Corp., Pratt & Whitney, Rolls-Royce plc., and Westinghouse Electric Corp. In response to that proposal, AlliedSignal, Northrop Grumman, Pratt & Whitney, Rolls–Royce and General Electric appeared for the limited purpose of opposing the inclusion of plaintiff Rice as a "qualified person" under that proposed protective order.

Non-party General Electric also asks this court to modify the proposed order to increase the ability of non-parties to control the protection of their proprietary information. While the proposed order provides that non-parties may designate their proprietary information as protected, see Prop. Order ¶ 2, General Electric proposes to require parties to give non-parties notice of motions regarding the release of non-party information, the designation of such information as pro-

tected, and the right to move the court to afford such information protections beyond that provided for in the protective order. In view of the fact that non-party proprietary information is subject to confidentiality agreements with defendant, and that such non-parties have decided not to participate in this litigation, the court declines to afford non-parties these additional procedural protections.

7. Disputes concerning the designation of particular information as protected under the order would require the party moving for protection to establish that "the information sought is confidential and that its disclosure might be harmful." *Speller v. United States*, 14 Cl.Ct. 170, 175 (1988) (*citing American Standard*, 828 F.2d at 740–41); *see also Truswal Systems Corp. v. Hydro–Air Engineering, Inc.*, 813 F.2d 1207 (Fed.Cir.1987) (non-party in patent infringement suit, on its motion to quash discovery subpoena, required to show subpoena was unreasonable or oppressive). If the moving party makes this showing, the burden shifts to the party seeking discovery to prove that "disclosure of trade secrets and confidential information is relevant and necessary to its case." *American Standard*, 828 F.2d at 741.

sure of protected information to an expert should a party find the expert objectionable.[8] Similar limitations have been adopted in other patent litigation. *E.g., Levine v. United States,* 226 Ct.Cl. 701, 1981 WL 21454 (1981) (protective order providing plaintiff's attorneys, but not plaintiff, access to non-party proprietary information); *Speller,* 14 Cl.Ct. 170 (protective order issued permitting patentee's attorney review of proprietary information and denying non-party manufacturer motion to quash subpoena for such information); *AG and Miles,* 162 F.R.D. at 465 (limiting disclosure of proprietary information to outside counsel and independent experts).

Plaintiff advances several arguments in support of his motion to be included as a qualified person under defendant's proposed order. First, plaintiff argues that he is not a competitor with defendant and non-party contractors, and therefore no harm would result from his review of protected information. Second, plaintiff contends that to the extent that his direct participation would raise concern among defendant and non-parties, any independent expert with technical proficiency commensurate with his own would likely be active in the business, thereby raising those same concerns. Accordingly, plaintiff concludes that barring his participation under the rationale that he is a competitor would effectively bar his attorneys from securing expert assistance in the preparation of his case.

Defendant and non-parties respond by noting that Mr. Rice is active in the technical area at issue in this suit. Mr. Rice's curriculum vitae does, in fact, reflect that he contin-ues to publish, consult and seek patents in the area of gas turbine technology. According to defendant, the scope of these professional activities provides Mr. Rice with numerous outlets for the revelation of protected information. Defendant suggests that Mr. Rice could, for example, inadvertently reveal such information in technical articles, through consulting or in the process of amending one of his currently pending patent applications. In his application for future patents, defendant maintains that, even assuming good faith, Mr. Rice cannot be expected to separate his own original ideas from those gleaned from his review of the protected information at issue in this case. Defendant and non-parties also point out that Mr. Rice has apparently not attempted to locate an independent expert.

While plaintiff is correct that review of proprietary information by a non-competitor may not raise the same concerns as review by a competitor, *e.g., American Standard,* 828 F.2d at 741 ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."); *see also Speller,* 14 Cl.Ct. at 175 (one retired from business is a non-competitor), plaintiff has failed to demonstrate that he is not a competitor with defendant and its contractors. In fact, plaintiff admits that he is an "active consultant" in the area of gas turbine technology. Such status has been cause for disqualifying a proposed independent expert from reviewing proprietary information.

In *Wang Laboratories, Inc. v. CFR Associates, Inc.,* 125 F.R.D. 10 (D.Mass.1989), for example, the court proscribed defendant from allowing its expert to review plaintiff

---

**8.** Defendant's proposed provision on independent experts specifically provides:

"In connection with independent experts, each party shall disclose in writing to the other party and each Supplying Owner the identity, residence and curriculum vitae of each independent expert at least fourteen (14) days prior to any disclosure of any information coming under this Protective Order to such expert. Such curriculum vitae shall disclose all current and former employers of the independent expert. If a party or a Supplying Owner objects to the selected expert, it shall make its objections known in writing within fourteen (14) days of notification. If agreement on the independent expert cannot be reached, the object-ing party or Supplying Owner shall have ten (10) days after making its objections known to seek relief or protective order from the Court. In such a case, no disclosure of the Protected Information shall be made to the expert until the Court has ruled on the objecting party or Supplying Owner's motion for relief or for a protective order. If the objecting party or Supplying Owner fails to seek relief or a protective order within that time, the objection shall be deemed waived and such Protected Information may be disclosed to the independent expert subject only to this Protective Order."

Prop. Order ¶ 9.

patentee's proprietary information on the ground that the expert consulted with companies concerning products that competed with the plaintiff's patented inventions. *Id.* at 13. As in *Wang*, plaintiff's curriculum vitae reflects that he is currently a consultant "for major U.S. Engineering contractors including oil, chemical and utility companies in the U.S. and overseas including consulting on turbines for coal gasification." Plf. Ex. A.

Similarly, in *Levine*, a protective order was entered on behalf of two non-parties in a patent infringement suit. Like the proposed protective order in this case, that protective order provided for the designation of certain materials as protected, and limited review of such materials to the attorneys representing plaintiff in the suit. The Court of Claims rejected plaintiff's attempt to secure the ability to review protected materials personally, finding that in view of plaintiff's status as a patent attorney and holder of patents, and the provision for plaintiff attorney review of protected materials, the scheme effected by the protective order struck "an acceptable balance between potential injury and preparation of the case." 226 Ct.Cl. at 704.

By contrast to *Wang* and *Levine*, in *Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*, 43 U.S.P.Q.2d 1381, 1996 WL 908654 (N.D.Cal. 1996), the court rejected a challenge to an independent expert on the ground that the expert had consulted with a competitor of the disclosing party. The court rejected that challenge on the ground that the expert possessed knowledge unique from other experts. *Id.* See also *THK America, Inc. v. Nippon Seiko K.K. & NSK Corp.*, 141 F.R.D. 461 (N.D.Ill.1991) (protective order provision which would have prohibited plaintiff in patent infringement suit from viewing defendant's confidential documents rejected where plaintiff was most knowledgeable person concerning issues in case).

Unlike in *Advanced Semiconductor*, however, plaintiff here has not attempted to locate an acceptable expert to assist his coun-

sel prepare this case. In view of the scope of plaintiff's current endeavors in gas turbine technology, defendant and non-party arguments that plaintiff's direct participation in this case could cause harm through disclosure of proprietary information is persuasive. As in *Levine*, the proposed order at issue here attempts to strike a balance between the protection of proprietary information and plaintiff's ability to prepare his case by providing for plaintiff attorney and independent expert review of protected information. Furthermore, under the protective order plaintiff's counsel may move the court to designate plaintiff an expert with respect to certain protected information. Such motion, however, will only be entertained after plaintiff's counsel has made a good faith effort to locate an expert other than plaintiff to serve in that capacity.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Rule 14 motion is **DENIED**;

(2) The definition of "independent expert" in the proposed order shall not bar plaintiff from being designated an independent expert for the purposes of the order;[9] such designation is, however, subject to the limitations and procedural protections contained in the order (see *supra* at n. 8);

(3) Plaintiff's counsel may move the court under the protective order to designate plaintiff Rice an independent expert with respect to specific items of protected information as the need to review such information arises, but only upon a showing by plaintiff's counsel that counsel is unable, after a good faith effort has been made, to locate an independent expert other than plaintiff to serve in that capacity;

(4) With the above mentioned modifications, the Clerk's Office shall file defendant's proposed protective order as of the date of this order, and such protective order is thereby **ENTERED**.

---

9. That definition limits the class of individuals who may be designated an independent expert under the order by providing that such experts may "neither [be] employed by the parties nor having familial relationships with the parties either by blood or law," and must be "retained by each party solely for the purpose of assisting in this action." See Prop. Order at definition section I, ¶ 6.