**AMERICAN MARITIME TRANSPORT, INC.**

v.

**The UNITED STATES.**

**No. 41–88C.**

United States Claims Court.

Sept. 7, 1988.

George J. Mannina, Jr., Washington, D.C., for plaintiff.

Genevieve Holm, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant. Jean K. Orenstein, Dept. of Transp., of counsel.

Michael Joseph, Washington, D.C., for Aeron Marine Shipping Co., American Shipping, Inc., and Archon Marine Co., applicants for intervention.

## ORDER

MARGOLIS, Judge.

On June 22, 1988, this court denied applicants' motion for leave to intervene as defendants, 15 Cl.Ct. 29. On June 24, 1988, applicants, Aeron Marine Shipping Company, American Shipping, Inc., and Archon Marine Company, moved for a stay pending appeal of the court's denial of the motion to intervene.

In reviewing a motion to stay proceedings, the court will look to four factors in determining whether the motion should be granted: 1) whether the applicants are likely to succeed on the merits of their appeal; 2) whether applicants will suffer irreparable harm without issuance of the stay; and 3) whether the granting of the stay will cause substantial harm to the other interested parties or 4) to the public interest in this proceeding. *Golden Eagle Refining Co. v. United States*, 4 Cl.Ct. 622, 623 (1984); *see also Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921, 925 (D.C.Cir.1958).

In this case, the court does not believe that it is likely that applicants will prevail in their appeal. As the court stated in its June 22, 1988 order, applicants have only an indirect and contingent economic interest resting solely on the possibility of increased competition and have failed to demonstrate that the defendant will not adequately represent this interest. The court concluded that the applicants have failed to satisfy the requirements for intervention

as of right. The court also concluded, in its discretion, that permissive intervention was not appropriate. Only an abuse of the trial court's discretion will warrant the reversal of a denial of permissive intervention. *Sutphen Estates v. United States*, 342 U.S. 19, 23, 72 S.Ct. 14, 17, 96 L.Ed. 19 (1951). For these reasons, the applicants are unlikely to prevail on their appeal. Absent this showing, a stay is inappropriate. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers*, 259 F.2d at 925.

As to the second factor, denial of a stay will not irreparably injure applicants. The court has already concluded that the defendant will adequately represent the interests applicants may have in this case. Therefore, applicants will not suffer harm if foreclosed from participating in these proceedings. Further, if plaintiff prevails in this case, the only injury to applicants is a potential competitive disadvantage. Without the showing of severe economic impact, "[t]he mere existence of competition is not irreparable harm." *Holiday Tours*, 559 F.2d at 843. Therefore, not only does this remote harm not constitute an irreparable injury, but applicants' interests, as this court found, are already adequately represented by the defendant.

Consideration of the third factor also militates against granting applicants a stay pending appeal. Such a stay would unduly delay proceedings between the directly interested parties that are otherwise ready to move forward. Meanwhile, plaintiff would be injured in having to operate its vessel without the subsidy payments to which plaintiff believes it is entitled. In contrast, this court found that applicants face only the possibility of indirect and contingent harm. Therefore, the need to protect the interests of the parties directly involved outweighs the need to guard applicants' remote interest.

The fourth and final factor, the public interest in settling disputes fairly and efficiently, also favors denial of a stay in this case. Disrupting the proceedings at this time would set a dangerous precedent of

encouraging the participation of parties with remote interests, such as applicants, when their interests are already adequately protected by one of the parties.

Because the granting of a stay is an extraordinary remedy, applicants should not prevail when all four factors tip heavily towards a denial of the stay. *See Brotherhood of Railroad & Steamship Clerks v. National Mediation Board*, 374 F.2d 269, 275 (D.C.Cir.1966). Therefore, in light of the balance of the relevant factors in this case, it is

ORDERED, that the applicants' motion for a stay pending appeal is denied.