**FALA CORPORATION and Kana Corporation, Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**The City of Virginia Beach, Defendant–Intervenor.**

No. 98–337L.

United States Court of Federal Claims.

May 28, 2002.

Mark Lane, The Lane Law Firm, PLLC, Washington, D.C., for plaintiffs.

Alan Brenner, General Litigation Section, Environmental & Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant.

Donald H. Clark, Williams, Mullen, Clark & Dobbins, PC, Virginia Beach, Virginia, with whom were Leslie L. Lilley, City Attorney, and Gary L. Fentress, Deputy City Attorney, for defendant-intervenor.

## OPINION

MARGOLIS, Senior Judge.

This takings action is before the Court on the City of Virginia Beach's ("defendant-intervenor") motion for judgment on the plead-

ings and the Government's ("defendant") motion for summary judgment. After carefully considering the parties' written submissions and oral arguments, the Court grants both motions.

## DISCUSSION

### 1. Standing and Standards

#### A. Defendant's Motion for Summary Judgment

As the defendant in this case, the government has standing to file a motion for summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Court of Federal Claims Rule (RCFC) 56(c). Summary judgment is suitable in takings cases where the moving party can show that no evidence would be gleaned from trial that would alter the outcome of the suit. *See Applegate v. United States*, 35 Fed.Cl. 406, 413 (1996).

#### B. Defendant–Intervenor's Motion for Judgment on the Pleadings

The City of Virginia Beach intervened in this case pursuant to Rule 24(a)(2). Under that rule, any party may intervene in a case as a matter of right when that party claims an interest relating to the property that is the subject of the action and the party is so situated that disposition of the action may impede or impair the party's ability to protect that interest, unless the party's interest is adequately represented by the existing parties. RCFC 24(a)(2). Defendant-intervenor's interest is based on the fact that it is obligated under the Project Cooperation Agreement between it and the defendant to indemnify defendant for all damages arising from the project. Such damages would arise as a result of a ruling against defendant in this case.

■ At oral argument, plaintiffs alleged that defendant-intervenor does not have standing to file a Rule 56 motion for summary judgment and that in addition, the mo-

tion was improperly filed.[1] As a party in intervention, the defendant-intervenor has standing to file a Rule 56(b) motion for summary judgment. *See generally Karuk Tribe of California v. United States*, 41 Fed.Cl. 468 (1998) (defendant-intervenor's motion for summary judgment allowed and granted); *Chevy Chase Land Co. v. United States*, 37 Fed.Cl. 545 (1997).

Defendant-intervenor also has standing to move for judgment on the pleadings, which it did, relying on the pleadings, the full faith and credit statute, and the collateral estoppel doctrine as applied to a Norfolk Circuit Court opinion. Rule 12(c) states:

> After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, *the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56* . . . .

RCFC 12(c) (emphasis added). Thus, because defendant-intervenor's motion for judgment on the pleadings relies on matters outside the pleadings, it shall be treated as a Rule 56 motion for summary judgment.

■ At oral argument, plaintiffs attacked defendant-intervenor's motion for judgment on the pleadings and defendant's motion for summary judgment, asserting that the motions were improperly filed because they failed to include proposed findings of uncontroverted fact in accordance with Rule 56(h)(1). Again, plaintiffs did not brief the issue, nor did they previously raise it. Thus, as an initial matter, plaintiffs have waived this argument. Defendant-intervenor included with its motion a memorandum in support of intervenor-defendant's (City of Virginia Beach) motion for judgment on the pleadings and motion for sanctions. The defendant, in its motion for summary judgment, adopted this memorandum as its own. This Court finds that defendant-intervenor's motion satisfies the requirements of Rule 56.

This Court finds that defendant-intervenor and defendant have standing to file their motions and did so properly. Additionally, because defendant's motion for summary judgment and defendant-intervenor's motion for judgment on the pleadings assert the same grounds as justification for a finding in their favor, the motions will be treated collectively.

### 2. Summary Judgment/Judgment on the Pleadings

■ In order to assert a Fifth Amendment takings claim, a claimant must first establish that he is owner of the property at issue and that at least part of the property was taken for public use. *Applegate*, 35 Fed.Cl. at 413; *see also Skip Kirchdorfer, Inc. v. United States*, 6 F.3d 1573, 1580 (Fed.Cir.1993). Without a cognizable property interest, a takings claim cannot succeed. *See Avenal v. United States*, 33 Fed.Cl. 778, 784–85 (1995). Kana Corporation and Fala Corporation ("plaintiffs") claim that they own or owned unplatted beach front property ("the property") in the City of Virginia Beach, Virginia, on which defendant erected a seawall and other structures and dumped dredged spoils.[2] While defendant, at this time, does not dispute the allegations that it built structures on the property and dumped dredged spoils thereon, defendant refutes plaintiffs' claim of property ownership.

Plaintiffs' complaint asserts that they own or owned the property at the time of defendant's actions. Plaintiffs base their claim of ownership on a receiver's deed that the Norfolk Circuit Court awarded to Fala Corporation's predecessor in interest in January 1995. Fala Corporation obtained the interest in December 1995 and conveyed it to Kana Corporation in February 1997. *City of Virginia Beach v. Nala Corp.*, 53 Va. Cir. 309,

---

1. While plaintiffs raised at oral argument the issue of defendant-intervenor's standing to move for Rule 56 summary judgment, they failed to fully brief the issue prior to argument. Plaintiffs instead rely solely on blanket standing assertions made at oral argument and in footnotes in two of their responses.

2. For a full discussion of the facts, see this Court's order, filed this day, denying plaintiffs' motion to amend the complaint.

317, 2000 WL 33340689 (Norfolk Cir.2000). However, in his September 29, 2000 opinion, Norfolk Circuit Court Judge Poston declared the receiver's deed null and void and stated that plaintiffs do not own nor have any interest in the property. *Id.* at 310, 335.

### A. *Full Faith and Credit Statute*

■ The full faith and credit statute, 28 U.S.C. § 1738 (2001), states that properly authenticated acts, records, and judicial proceedings of any court of any state, territory, or possession "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Thus, where there is a judgment in another court, this Court will give full faith and credit to that decision. *See Bogart v. United States*, 209 Ct.Cl. 208, 215, 531 F.2d 988 (1976) (denying plaintiffs' takings claim based on state court decision that determined title issue adversely to plaintiffs). This Court gives Judge Poston's decision full faith and credit in this Court.

■ Judge Poston declared the receiver's deed a nullity, thus rendering plaintiffs' ownership basis invalid. *Nala Corp.*, 53 Va. Cir. at 310. Under the full faith and credit statute, that determination has a preclusive effect on plaintiffs' claim in this Court. Because Judge Poston's decision is binding on this Court, the plaintiffs no longer have a valid ownership claim upon which to base a Fifth Amendment takings suit. "Without title to the land, the plaintiffs have not alleged a claim against the United States on which relief can be granted." *Bogart*, 209 Ct.Cl. at 215, 531 F.2d 988.

### B. *Collateral Estoppel*

■ Collateral estoppel also bars plaintiffs' claim. Under the doctrine of collateral estoppel, also referred to as issue preclusion, issues previously litigated and determined by a court of competent jurisdiction are conclusive in subsequent suits involving the parties, or their privies, to the prior litigation. *Mother's Restaurant Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed.Cir.1983). In

order for a party to assert collateral estoppel, four requirements must be met:

> (1) the issues to be concluded are identical to those involved in the prior action; (2) in that action the issues were raised and "actually litigated"; (3) the determination of those issues in the prior action was necessary and essential to the resulting judgment; and (4) the party precluded ... was fully represented in the prior action.

*Id.*

The doctrine's underlying rationale is that a party who has fully litigated an issue and lost should be bound by that decision and should not be permitted to litigate the issue again. *Id.* The four requirements for collateral estoppel have been met in this instance and are discussed in turn.

### 1. *Identical Issues*

■ The issue in the prior adjudication is identical to a key issue in the present adjudication. The main issue litigated in the Norfolk Circuit Court was the validity of the receiver's deed and plaintiffs' claim of property ownership through it. *Nala Corp.*, 53 Va. Cir. at 318. Likewise, the validity of that deed and its effect on plaintiffs' property ownership claim is an issue that would be squarely before this Court. Fifth Amendment takings claims are based on the establishment of a cognizable property interest. Plaintiffs' sole claim of ownership is through the receiver's deed. Thus, the deed's validity is an issue identical to that litigated in the Norfolk Circuit Court.

### 2. *Actually Litigated*

This prong is " 'generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it.' " *Mother's Restaurant Inc.*, 723 F.2d at 1570 (quoting *Continental Can Co. v. Marshall*, 603 F.2d 590, 596 (7th Cir.1979)). The validity of the receiver's deed and plaintiffs' ownership of the property, as mentioned above, was the primary issue before the Norfolk Circuit Court. In that court, the plaintiffs and defendant-intervenor disputed and specifically litigated the issue. Judge Poston resolved the dispute in favor of defendant-intervenor, declaring the receiver's deed null

and void and stating that plaintiffs did not have any interest in the property through the deed or any other means. *Nala Corp.*, 53 Va. Cir. at 310, 335.

### 3. *Necessary and Essential to the Judgment*

To be preclusive, the finding must be necessary to the judgment. Necessary does not mean that the finding has been so crucial to the determination that the judgment could not stand without it; but, it must have been essential to the decision. *Mother's Restaurant Inc.*, 723 F.2d at 1571. Judge Poston's determination of the receiver's deed's invalidity and of plaintiffs' lack of property ownership was necessary to his judgment nullifying the deed and declaring that plaintiffs have no viable interest in the property.

### 4. *Full and Fair Opportunity to Litigate*

The final requirement is that the party precluded has had a "full and fair opportunity to litigate" the issue. *Blonder–Tongue Labs., Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The Norfolk Circuit Court suit, brought by defendant-intervenor, was against both plaintiffs, as well as their predecessor in interest, Nala Corporation, and their owner, Edwin B. Lindsley. In reaching his decision, Judge Poston considered oral evidence, exhibits on file, counsel arguments, and the parties' written submissions. *Nala Corp.*, 53 Va. Cir. at 310. The full and fair opportunity to litigate requirement was satisfied in the Norfolk Circuit Court.

Judge Poston's decision concerning the validity of the receiver's deed and plaintiffs' claim of title to the property meets all four requirements for collateral estoppel. While defendant-intervenor was the party that brought the suit in the Norfolk Circuit Court and thus may invoke collateral estoppel, defendant may also assert estoppel. "[A] defendant in a second suit [is permitted] to invoke an estoppel against a plaintiff who lost on the same claim in an earlier suit ...." *Blonder–Tongue*, 402 U.S. at 329, 91 S.Ct. 1434. Plaintiffs, bound by Judge Poston's findings of fact and conclusions of law, are thus estopped from further litigating ownership of the property against both defendant-intervenor and defendant. The foundation of plaintiffs' ownership claim has been deemed null and void. Therefore, plaintiffs cannot prevail on their takings claim.

### CONCLUSION

For the reasons set forth above, defendant's and defendant-intervenor's motions for summary judgment and judgment on the pleadings are granted. Accordingly, the clerk shall dismiss the complaint and render judgment for the defendant and defendant-intervenor. Costs for defendant and defendant-intervenor.