JOHN R. SAND & GRAVEL
COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 02–509 L.

United States Court of Federal Claims.

April 8, 2004.

Jeffrey K. Haynes, Bloomfield Hills, MI, for plaintiff. L. Rider Brice, III, Bloomfield Hills, MI, of counsel.

John S. Most, with whom was Thomas L. Sansonetti, Assistant Attorney General, United States Department of Justice, Environment & Natural Resources Division, Washington, DC, for defendant. Susan V. Cook, United States Department of Justice, Washington, DC, of counsel.

## OPINION AND ORDER

HEWITT, Judge.

The court has before it Motion of Defendant United States to Issue Notice of Opportunity to Participate to the Metamora Group Pursuant to RCFC 14(b)(1) and Memorandum in Support Thereof (defendant's Rule 14(b) motion or Def.'s Mot.). In this motion, defendant petitions the court to issue notice to the members of the Metamora Group[1] "offering its members the opportunity to appear and defend their interests in this action" under Rule 14(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. at 1. For the following reasons, this motion is DENIED.

Rule 14(b) has a timeliness requirement: "A motion made by the United States shall be filed on or before the date on which the answer is required to be filed. For good cause shown, the court may allow any such motion to be filed at a later time." RCFC 14(b)(2). The present motion was filed on April 2, 2004. See Def.'s Mot. at 1 (displaying date stamp of Apr. 2, 2004). The answer in this case was required to be filed on August 21, 2002. See Order of July 23, 2002 (granting extension of time, to August 21, 2002, to respond to the complaint). Because the Rule 14(b) motion was not filed "on or before the date on which the answer [was] required to be filed," "good cause" must be shown for the court to allow defendant to file its motion. RCFC 14(b)(2). The moving party bears the burden of showing good

---

1. The Metamora Group consists of the following members: Brunswick Corporation; Daimler Chrysler Corporation; Foamseal, Inc.; Ford Motor Company; General Motors Corporation; The Glidden Company d/b/a ICI Paints; Johnson Controls, Inc./Universal Die Cast; Lapeer Metal Products Company; Mercury Paint Company; Reichhold, Inc.; Seibert–Oxidermo, Inc. n/k/a S.O. Realty, Inc.; and United Technologies Corporation for Inmont Corporation n/k/a BASF Corporation. Def.'s Mot. at 1 n. 1.

cause. *See Effingham County Bd. of Educ. v. United States,* 7 Cl.Ct. 34, 38 (1984) (stating that, under the good cause standard, "[i]t is axiomatic that [the] burden [that must be met] ... is on the movant"). The movant must "proffer substantial and plausible reasons for having failed to timely act in a given case." *Id.* at 39; *see also Rice v. United States,* 39 Fed.Cl. 747, 749 (1997) (quoting this language).

Defendant argues that good cause exists for the late filing of its Rule 14(b) motion because the members of the Metamora Group have "substantial legal and pecuniary interests ... which [were] not fully realized earlier." Def.'s Mot. at 3 n. 5. The court agrees with plaintiff that defendant's statement, which is the only one that addresses the timeliness requirement, does not satisfy defendant's burden for showing "substantial and plausible reasons," *Effingham County Bd. of Educ.,* 7 Cl.Ct. at 39, for its delay in filing this motion. *See* Plaintiff's Opposition to Defendant's RCFC 14(b)(1) Motion to Issue Notice of Opportunity to Participate in Proceeding to the Metamora Group (Pl.'s Opp.) at 2–7 (presenting arguments for this conclusion). It does not appear to the court to be plausible that defendant did not realize "the substantial legal and pecuniary interests" of the members of the Metamora Group when it filed its answer on August 21, 2002. *See* Answer to Complaint (displaying a date stamp of Aug. 21, 2002).

At the time defendant filed its answer, it was aware of the legal relationship between the members of the Metamora Group and defendant. In 1993, the District Court for the Eastern District of Michigan approved a consent decree (Consent Decree) between the members of the Metamora Group (and some additional parties, together the "Settling Defendants") and the United States Environmental Protection Agency. *See United States v. BASF–INMONT Corp.,* 819 F.Supp. 601, 611 (E.D.Mich.1993). Under the Consent Decree, the Settling Defendants were required to undertake and to pay for certain remedial measures to clean up a Michigan landfill site. *Id.* at 604–05. Paragraph seventy-one of the Consent Decree

requires the United States to notify Settling Defendants of any claims filed against the United States arising out of the actions of the Settling Defendants in carrying out the Consent Decree. *Id.* at 628. Paragraph twenty-three of the Consent Decree provides that "any compensation that the United States may be required to pay to the property owner" in aiding the Settling Defendants in obtaining access to the landfill "shall be reimbursed by Settling Defendants." *Id.* at 620. Pursuant to these provisions, defendant provided notice to members of the Metamora Group of this action by letter dated July 16, 2002, *see* Pl.'s Opp. Ex. 1 (Letter from Felitti to Woods of 7/16/02), which is a date one month before defendant filed its answer. The fact that defendant provided this notice to the members of the Metamora Group makes it clear that, at the time defendant filed its answer, it was on notice of the "legal and pecuniary interests" of the members of the Metamora Group, which are described in the Consent Decree. Because defendant has not met its burden of demonstrating that it had "good cause" for filing its motion late, the court finds defendant's Rule 14(b) motion to be untimely.

Even if the court were to find that defendant had good cause for filing its Rule 14(b) motion late, in the circumstances of this case, the purpose which Rule 14(b) serves has been met. Rule 14(b)(1) provides as follows:

> The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action. Such notice shall advise of the pendency of the action and of the opportunity to seek intervention and to assert an interest in the action.

RCFC 14(b)(1). Rule 14(b)(1) is a notice provision. With respect to a party with an alleged interest in an action, Rule 14(b)(1) allows, but does not require, the court to "*advise* of the pendency of the action and of the *opportunity* to seek intervention and to assert an interest in the action." RCFC 14(b)(1) (emphasis added).[2]

---

2. This conclusion is consistent with the language

of 41 U.S.C. § 114 (2000), an authority which is

Defendant provided the members of the Metamora Group with notification of the impending action over a year and a half ago. *See* Pl.'s Opp. Ex. 1 (Letter from Felitti to Woods of 7/16/02). The members of the Metamora Group sought an opportunity to participate in this action through a motion to intervene under Rule 24, filed on November 7, 2003. *See* The Metamora Group's Motion to Intervene (displaying a date stamp of Nov. 7, 2003). The court denied the motion to intervene on February 2, 2004. *John R. Sand & Gravel Co.*, 59 Fed.Cl. 645, 647–48 (2004).[3] In its opinion, the court addressed whether the members of the Metamora

Group should be given an opportunity to participate in this case and, after careful consideration, denied the motion.

Essentially, the United States seeks to "privatize" the defense of a takings claim. The power to take private property for public use under the Fifth Amendment is uniquely the power of the sovereign. The court believes that the power to defend the exercise of that right is the province and the responsibility of the sovereign as well. *See id.* at 657 ("A takings claim is a cause of action that may only be brought against the sovereign. It is therefore appropriate that the government's interest be uniquely represented by

implemented through Rule 14. *See* RCFC 14, Rules Committee Note ("RCFC 14 implements the authority set forth in 41 U.S.C. § 114."). Like the Rule which implements this section, section 114 is a non-mandatory notice provision.

The legislative history of section 114, while sparse, lends no support to the view that a notice to interested parties should be issued to the members of the Metamora Group in the circumstances of this case. The notice provisions of section 114 appear today substantially as enacted in 1944 as section 14 of the Contract Settlement Act of 1944. Contract Settlement Act of 1944, Pub.L. No. 78–395, 58 Stat. 649, 663 (codified at 41 U.S.C. § 114). A Senate version of the bill, S. 1718, introduced early in 1944, limited the power to notify and subpoena interested parties to the Attorney General. *See* 90 Cong. Rec. S1581 (daily ed. Feb. 11, 1944) ("The Attorney General ... may cause any and all persons ... actually to be notified, ... and ... at the discretion of the Attorney General, to be served with subpena [sic], to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in [the Court of Claims] and to assert and defend their interests ...."). During Senate consideration of S. 1718 on May 3, 1944, the Senate received a report from the Special Committee on Post–War Economic Policy and Planning, which mentioned section 14 briefly as follows: "Section 14 was prepared by the Department of Justice. The officials of that Department have promised to submit to the Military Affairs Committee some suggestions for its improvement and, in view of this, this committee expresses no opinion in reference to it." 90 Cong. Rec. S3907 (daily ed. May 3, 1944). In a report of hearings held on May 17, 1944 on the Senate and House versions of the Contract Settlement Act, a comparison of S. 1718 and H.R. 4469 shows that H.R. 4469 contained, with respect to the Court of Claims, "[n]o provision," while S. 1718 "[a]uthorized additional judges, etc." Contract Termination: Hearings on H.R. 4789 and S. 1718 Before the House Subcomm. No. 3 of the Comm. on the Judiciary, 78th Cong., 2d Sess. 31 (1944). An analysis of S. 1718 in the report of hearings

states, "Section 14 provides procedure to be followed when suit is brought in the Court of Claims." *Id.* at 33. A witness at the hearings, Arthur G. Drefs, Chairman of the Committee on Contract Termination–Disposal of the National Association of Manufacturers, stated, "No comment is made on section 14 relating to the Court of Claims especially, because it is indicated some further suggestions are to be submitted by the Department of Justice." *Id.* at 154.

The House Committee on the Judiciary reported S. 1718 out of committee on June 1, 1944. *See* S. 1718, 78th Cong. (1944); H.R.Rep. No. 78–1590 (1944). The text of the notice provisions of section 14 of the bill is, essentially, the text of the current statute. *See* S. 1718, 78th Cong. § 14 (1944); H.R.Rep. No. 78–1590, at 12–13 (1944). The House report accompanying S. 1718, however, describes section 14 as follows:

Section 14 authorizes the Court of Claims to appoint not more than 10 auditors and not more than 20 commissioners in order to expedite the adjudication of termination claims.

It further provides that the Attorney General, under rules prescribed by the Court of Claims, may cause any person to be notified to appear in any suit and assert and defend his interests.

H.R.Rep. No. 78–1590, at 25 (1944). The analysis fails to note that the language had changed to authorize the Court of Claims itself to provide notice to interested parties. *See* S. 1718, 78th Cong. § 14(b) (1944) ("The Court of Claims, on motion of either of the parties, or on its own motion ...."); H.R.Rep. No. 78–1590, at 12 (1944). The court has been unable to garner anything further from the legislative history of section 114.

3. In its opinion denying the motion to intervene, the court found the motion to be untimely. *John R. Sand & Gravel Co.*, 59 Fed.Cl. at 651–52. Defendant's 14(b) motion is even more untimely, having been filed approximately five months after the members of the Metamora Group filed their motion to intervene.

the United States."). The apparent strategy of the United States with regard to the defense of plaintiff's claim seems especially inappropriate here, where those the United States seeks to join as parties defendant with it[4] are the very companies whose actions are associated with the pollution, the remediation of which resulted in the alleged taking.

The court notes the representations of defendant regarding the difficulties of the defense of the suit. Defendant, in a status conference, stated that "the Metamora [G]roup is in fact the silent giant or the big bear in the back of every room. Every time I respond to discovery, every time I need technical information, every time I go to work on the exhibits, I have to talk to the Metamora [G]roup, because it is their contractor [whose actions gave rise to the takings claim] and they have been doing the cleanup for a number of years and they have all the technical information." Transcript of Status Conference held on Mar. 23, 2004, at 13–14 (statement of defendant). Of course there is no reason why the United States should not call on the members of the Metamora Group or others engaged in the remediation, and the agents (including counsel) of any of them, for assistance in the defense of the suit, whether as witnesses, experts, or otherwise. The court merely holds that such persons and entities, in the circumstances of this case, are not appropriately joined with the United States as parties defendant. The members of the Metamora Group have been given timely notice of this action.

For the foregoing reasons, the purpose of Rule 14(b) having already been fulfilled, defendant's Rule 14(b) motion is DENIED.

IT IS SO ORDERED.

---

**4.** In a circumstance where the United States had not already agreed to be bound by a proceeding in another forum with respect to any indemnity claim it might have against the members of the Metamora Group, *see United States v. BASF–INMONT Corp.*, 819 F.Supp. at 622–23, 626 (dispute resolution provisions of Consent Decree), a timely motion to implead under RCFC 14(a)(1) (permitting the court to summon a third person who is or may be liable to the United States) might be appropriate.