**JOHN R. SAND AND GRAVEL CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 02–509 L.**

United States Court of Federal Claims.

April 13, 2004.

Symalla had engaged in lobbying activities during this dinner.

**348**

Jeffrey K. Haynes, Bloomfield Hills, MI, for plaintiff. L. Rider Brice, III, Bloomfield Hills, MI, of counsel.

John S. Most, with whom was Thomas L. Sansonetti, Assistant Attorney General, United States Department of Justice, Washington, DC, for defendant. Susan V. Cook, United States Department of Justice, Washington, DC, and Peter Felitti, Associate Regional Counsel, United States Environmental Protection Agency, Chicago, IL, of counsel.

Robert K. Huffman, Washington, DC, for intervenor-applicants. Robert M. Jackson and Steven C. Nadeau, Detroit, MI, and Lisanne E.S. Cottington and Jeffrey C. Walker, Washington, DC, of counsel.

## ORDER

HEWITT, Judge.

The court has before it Motion of the Members of the Metamora Group for Stay Pending Appeal (stay motion or Stay Mot.), plaintiff's and defendant's responses thereto (plaintiff's response or Pl.'s Resp. and defendant's response or Def.'s Resp., respectively), and Reply of the Members of the Metamora Group in Support of Their Motion for Stay Pending Appeal (reply or Reply). For the following reasons, the stay motion is DENIED.

The court has now had two full opportunities to consider whether or not the Metamora Group should be joined as a party in this case and has twice decided that the Metamora Group should not be joined; first, because the Metamora Group itself sought intervention untimely under Rule 24 of the Rules of the United States Court of Federal Claims (RCFC), *John R. Sand & Gravel Co. v. United States*, 59 Fed.Cl. 645, 652 (2004), and, second, because the United States untimely requested the court to provide the Metamora Group notice and an opportunity to intervene under RCFC 14(b)(1), *John R. Sand & Gravel Co. v. United States*, 60 Fed. Cl. 272, 272–73, 2004 WL 785051, at *1–2 (2004).[1] The pretrial conference in this matter is four weeks away and trial is scheduled to begin on May 18, 2004 in Detroit.

---

1. In its Reply, the Metamora Group stated:

    [T]he members of the Metamora Group have discussed with the United States the possibility of the United States moving to join the members of the Metamora Group as summoned third parties pursuant to RCFC 14(a). The members of the Metamora Group have indicated to the United States that they would not object to being joined as summoned third parties pursuant to that provision. The members of the Metamora Group understand that government counsel must obtain written internal approvals before they can announce that the United States will be seeking to join the mem-

    bers of the Metamora Group under Rule 14. The members of the Metamora Group are hopeful that in the near future the United States will be in the position to make an official announcement regarding whether it intends to seek to join the members of the Metamora Group as summoned third parties. At a minimum, the Court should enter a stay pending such an announcement by the Government. Reply at 9–10. The court has indeed received a motion from the United States under Rule 14, but the motion was filed under RCFC 14(b), not under RCFC 14(a), and was found to be untimely. *John R. Sand & Gravel Co. v. United States,*

■ The parties generally agree, Stay Mot. at 2, Pl.'s Resp. at 3–4, Def.'s Resp. at 3, that a four-factor test applies to this court's decision to grant a stay pending appeal of this court's denial of a motion to intervene:

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed.Cir.1990) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).[2] The court addresses the four factors in turn.

■ For the reasons stated in its prior opinions, the court does not believe that the Metamora Group is likely to succeed on the merits. This litigation has moved and continues to move steadily toward trial. The delay of the Metamora group in seeking to join the case must be considered in the context of the actual litigation schedule. The Metamora Group knew of the litigation and apparently decided to take a chance that a non-judicial resolution or summary judicial resolution would occur. In the circumstances of this case, the court has found the Metamora Group's motion to intervene, whether as of right or permissively, untimely.[3] The court has also concluded that the Metamora Group, which must have acted on behalf of the United States in respect to plaintiff's takings claim, is not entitled to appear separately from the United States.

It is difficult to see how the Metamora Group would be irreparably injured absent a stay. The court recently entered a revised protective order (styled a "Confidentiality Agreement") to permit defendant to provide copies of confidential information of plaintiff to the Metamora Group. Order of April 9, 2004, Exhibit A. The court has also stated:

Of course there is no reason why the United States should not call on the members of the Metamora Group or others engaged in the remediation, and the agents (including counsel) of any of them, for assistance in the defense of the suit, whether as witnesses, experts, or otherwise. The court merely holds that such persons and entities, in the circumstances of this case, are not appropriately joined with the United States as parties defendant.

*John R. Sand & Gravel Co. v. United States,* 60 Fed.Cl. 272, 275, 2004 WL 785051, at *2–3 (2004). It is clear that the United States and the Metamora Group are cooperating in the defense of the suit.

The Metamora Group argues that plaintiff would not be disadvantaged by a stay because pre-judgment interest is available in a takings claim, Reply at 9, and suggests that delay would only be harmful where "the directly interested par*ties* 'are otherwise ready to move forward,'" *id.* (emphasis supplied) (quoting *Am. Mar. Transp., Inc. v. United States,* 15 Cl.Ct. 360, 361 (1988)). The plain-

---

60 Fed.Cl. 272, 273–73, 2004 WL 785051, at *1– 2 (2004).

**2.** The court also notes the glosses pointed out by the Metamora Group:

These "factors, taken individually, are not dispositive; rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Hybritech, Inc. v. Abbott Labs.,* 849 F.2d 1446, 1451 (Fed.Cir.1988). ["]When there 'is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success[,]' then 'an order maintaining the status quo is appropriate.'["] *Standard Havens Prods.,* 897 F.2d at 512–13 [(quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977))]. Stay Mot. at 2.

**3.** The Metamora Group faults "[p]laintiff's attempts to distinguish" *Fala Corp. v. United States,* 53 Fed.Cl. 86 (2002) (*Fala*). Reply at 3. The court notes that *Fala* is not precedential and that the subject of intervention is not the focus of the *Fala* opinion. *Fala,* 53 Fed.Cl. at 87–88. In particular, there is no suggestion in *Fala* that the intervenor City of Virginia Beach acted as a representative or agent of the United States, *id.* at 87, as did the Metamora Group here. There is also no discussion in *Fala* of the specific terms of the indemnity obligation on which the Metamora Group relies for its claim that the case "fully supports [its] Motion to Intervene," Reply at 5, including in what forum(s) that obligation could be enforced and why it arose in the first place. Here, the obligation arose in a Consent Decree settling allegations that members of the Metamora Group caused the contamination of plaintiff's property.

tiff in this case is ready to move forward and, except in the context of the motion practice with respect to the proposed intervention of the Metamora Group, the United States has not sought a stay or a delay of the trial schedule. The court does not regard the availability of pre-judgment interest as a significant factor to support a stay not otherwise supported.

The court believes that the public interest favors the denial of the motion to stay. The court believes it is a subject of concern that a party whose property may have been taken by the United States for a public purpose could, in connection with its prosecution of its Constitutional claim, be required to prevail not only against the United States, but against a large array of entities who served, in effect, as the agents of the United States in the actions that form the basis for the takings claim. The United States may wish to "privatize" the defense of a takings claims. *John R. Sand & Gravel Co. v. United States,* 60 Fed.Cl. 272, 274–75, 2004 WL 785051, at *2 (2004). The court has been provided, however, with no reason why the public interest is served thereby.

IT IS SO ORDERED.