FALA CORPORATION and Kana Corporation, Plaintiffs,

v.

The UNITED STATES, Defendant,

and

The City of Virginia Beach, Defendant–Intervenor.

No. 98–337L.

United States Court of Federal Claims.

May 28, 2002.

### Order on Motion for Sanctions

MARGOLIS, Senior Judge.

This takings action is before the Court on defendant-intervenor's motion for sanctions. After carefully considering the parties' written submissions and after oral argument, the Court hereby denies defendant-intervenor's motion.

### DISCUSSION

■ Where a party or its attorney has acted improperly, a court may impose sanctions on the party, attorney, or both. U.S. Court of Federal Claims Rule 11 establishes grounds on which this Court may impose sanctions. The rule provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the attorney or party that the attorney or party has read the pleading, motion, or other paper; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ...; and that it is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing ..., including a reasonable attorney's fee.

RCFC 11. Federal courts may also impose sanctions pursuant to inherent powers derived from " 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). These powers apply to the Court of Federal Claims. *Precision Pine & Timber, Inc. v. United States,* 2001 WL 1819224, *3, 2001 U.S. Claims LEXIS 181, *8 (2001) (citing *In re Greg Bailey,* 182 F.3d 860, 864 (Fed.Cir.1999)).

▆▆ The Court's inherent power to sanction is exercised with discretion and restraint and may range from outright dismissal of the suit to assessment of attorney's fees. *Chambers,* 501 U.S. at 44–45, 111 S.Ct. 2123. The Court may impose sanctions "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id.* at 45–46, 111 S.Ct. 2123 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). Sanctions can be assessed "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled ....' " *Id.* at 46, 111 S.Ct. 2123 (quoting *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)).

▆▆ This Court finds that, at a minimum, a fraud has been practiced upon the Norfolk Circuit Court and justice defiled. The Norfolk Circuit Court addressed those improprieties and sanctioned plaintiffs for the full amount of the intervenor's expenses incurred from litigating in that court: $609,310.59 plus interest. Following the Norfolk Circuit Court's sanctioning, defendant-intervenor filed a motion for sanctions in this Court. Defendant did not join this motion.

Plaintiffs' actions in this Court do not warrant sanctions. Relatively few motions were filed in this case, other than the instant motions before this Court. Additionally, while four years have passed since the complaint was filed, the proceedings were stayed for over two years. Although the parties conducted discovery, most of that discovery was used in the state court proceeding and never utilized in the proceedings before this Court.

Plaintiffs are not going unchastised, however. Plaintiffs were punished at least in part for their conduct by the state court, and this Court dismissed plaintiffs' claim with prejudice and on summary judgment—the least desirable outcome for plaintiffs and the severest sanction. This Court notes that in its summary judgment and judgment on the pleadings opinion and its motion for entry of a voluntary dismissal order, the Court assessed costs against the plaintiffs. This Court declines to impose any additional sanctions.

### CONCLUSION

For the reasons set forth, defendant-intervenor's motion for sanctions is denied.