**FALA CORPORATION and Kana Corporation, Plaintiffs–Cross Appellants,**

v.

**UNITED STATES, Defendant,**

**and**

**The City of Virginia Beach, Defendant–Appellant.**

**Nos. 02–5149, 02–5150.**

United States Court of Appeals, Federal Circuit.

April 29, 2003.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

LINN, Circuit Judge.

The City of Virginia Beach, Virginia ("the City"), appeals from a decision of the United States Court of Federal Claims, which denied the City's motion for sanctions. *Fala Corp. v. United States*, 54 Fed.Cl. 1 (2002). Fala Corporation and Kana Corporation ("plaintiffs") cross appeal the court's grant of the City's motion

for judgment on the pleadings and the government's motion for summary judgment. *Fala Corp. v. United States,* 53 Fed. Cl. 86 (2002). Because the record is unclear whether the court found a violation of RCFC 11, we *vacate* and *remand.* Because the cross appeal is moot, we *dismiss* that appeal.

I

The City and plaintiffs have been involved and continue to be involved in a dispute over certain property in Virginia Beach, Virginia. Several different courts have addressed plaintiffs' allegations. This appeal comes from the United States Court of Federal Claims, where plaintiffs filed a takings action under the Fifth Amendment against the United States. The City intervened as a defendant. Plaintiffs claimed they owned unplatted beachfront property in the City on which the federal government, acting in concert with the City, erected a seawall and other structures and dumped dredged spoils. Plaintiffs based their claim of ownership on a receiver's deed. However, while the case in the Court of Federal Claims was pending, the Circuit Court for the City of Norfolk, Virginia, declared the receiver's deed null and void and stated that the plaintiffs neither owned nor had any interest in the property. The government filed a motion for summary judgment and the City filed a motion for judgment on the pleadings, which the Court of Federal Claims treated as a motion for summary judgment. Both defendants asserted that the corporations did not own the land and therefore lacked standing to pursue the takings claim. Six months after the United States and the City filed their dispositive motions, the plaintiffs filed a motion to voluntarily dismiss the case.

The Court of Federal Claims entertained all motions and gave the state court judgment full faith and credit under 28 U.S.C. § 1738. The court also found that collateral estoppel barred the plaintiffs' claim. The court, thus, granted: (1) the government's motion for summary judgment, (2) the City's motion for judgment on the pleadings, and (3) the plaintiffs' motion to dismiss. The court held that the dismissal was with prejudice. On the same day, the court entertained the City's motion for sanctions. The court specifically found that "at minimum, a fraud has been practiced upon the Norfolk Circuit Court and justice defiled." The court concluded, however, that "[p]laintiffs' actions in this Court do not warrant sanctions."

After reviewing the record before us, we are uncertain whether the Court of Federal Claims made a finding of fact regarding whether U.S. Court of Federal Claims Rule 11 had been violated. The court did find that a fraud had been committed upon the state court. However, the court made no explicit finding about violations committed before the Court of Federal Claims. Because the basis of the takings claim asserted in the Court of Federal Claims was the very title to property found wholly vacuous in the Norfolk Court, the same fraud and defiling of justice committed before the state court was committed before the Court of Federal Claims. A finding that Rule 11 had been violated and/or that a fraud had been committed before the Court of Federal Claims would be warranted. Thus, we vacate the order on the motion for sanctions and remand for further consideration of the sanctions matter only.

If the Court of Federal Claims finds that Rule 11 has been violated and/or that a fraud had been committed upon the Court of Federal Claims, an appropriate sanction under Rule 11 or under the

Court's inherent power to control its affairs would be in order. Indeed, in a case such as this, in which a trial court is asked not to remedy a genuine wrong but to help bring to fruition a fraudulent scheme based on a land title made of whole cloth, little justification may exist for mitigating sanctions under the trial court's discretion. *Cf. Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 428, 43 S.Ct. 458, 67 L.Ed. 719 (1923) ("The degree of punishment for contempt ... is in the discretion of the court whose dignity has been offended and whose process has been obstructed." (citing *New Orleans v. Steamship Co.,* 87 U.S. (20 Wall.) 385, 387, 22 L.Ed. 385 (1874))). We note further that if the dismissal with prejudice was intended to end this series of frivolous actions, it has not succeeded. After the defendants filed their dispositive motions before the Court of Federal Claims, Kana Corporation asserted an alternate theory of ownership in a different court by filing a petition to appoint a corporate special receiver in the Circuit Court for the City of Virginia Beach. At the time of oral argument in this case, plaintiffs' counsel indicated that plaintiffs were still pursuing that alternate theory of ownership in the state court.

## II

Plaintiffs only appeal the grant of summary judgment and judgment on the pleadings. As counsel confirmed at oral argument, plaintiffs do not appeal the court's dismissal of their claim with prejudice pursuant to their motion to dismiss. Even if the plaintiffs' cross appeal had merit, which we in no way suggest, the end result would still be that plaintiffs' complaint remains dismissed with prejudice. Because plaintiffs' appeal does not seek meaningful relief, the appeal is moot.

### COSTS

Costs are awarded to the City of Virginia Beach.